# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2287-16T5

IN THE MATTER OF THE
CIVIL COMMITMENT OF
G.B., SVP-760-16.

_____

Submitted August 21, 2018 – Decided  September 12, 2018

Before Judges Sumners and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. SVP-760-16.

Joseph E. Krakora, Public Defender, attorney for appellant G.B. (Nancy C. Hayes, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent State of New Jersey (Melissa H. Raksa, Assistant Attorney General, of counsel; Arundhati Mohankumar, Deputy Attorney General, on the brief).

PER CURIAM

G.B., thirty-five years old, appeals from a judgment that committed him to the Special Treatment Unit (STU), a secure facility for the treatment of persons in need of involuntary civil commitment pursuant to the Sexually

Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38.  He contends the State failed to prove by clear and convincing evidence that he is a sexually violent predator, who is highly likely to re-offend in the reasonably foreseeable future.  Considering this contention in light of the record and applicable standards, we affirm.

An involuntary commitment can follow service of a sentence, or other criminal disposition, when the offender "suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J.S.A. 30:4-27.26; see also N.J.S.A. 30:4-27.25.  To civilly commit an individual, the State must prove by clear and convincing evidence:

> (1) that the individual has been convicted of a sexually violent offense; (2) that he suffers from a mental abnormality or personality disorder; and (3) that as a result of his psychiatric abnormality or disorder, it is highly likely that the individual will not control his or her sexually violent behavior and will reoffend[.]
>
> [In re Civil Commitment of R.F., 217 N.J. 152, 173 (2014) (citations omitted).]

The first two elements derive directly from the statute.  In order to "comport with substantive due process concerns, [the] Court interpreted the third statutory element as requiring the State to show that a person is 'highly

likely,' not just 'likely,' to sexually reoffend." Ibid. (quoting In re Commitment of W.Z., 173 N.J. 109, 130 (2002)). To be considered a sexually violent predator, an individual must have committed a sexually violent offense. N.J.S.A. 30:4-27.26. Sexual assault is considered a sexually violent offense. Ibid.

With this legal framework in mind, we will now consider the facts that led to G.B.'s commitment under the SVPA. In February 2001, when G.B. was thirteen years old, he was sentenced to the STU for abusing five different child victims, four females and one male, ages three to six, whom he sexually touched, including placing his penis between their legs. G.B. was conditionally discharged in September 2004, and his case was terminated in December 2006.

In 2011 and 2012, G.B. reoffended while he was working as a home health aide for the victim's grandfather. He admitted to fondling the vagina of the fifteen-year-old girl, and asking her to touch his penis. The victim, who suffered from muscular dystrophy, had the body of a child and mental capacity of a fourth-grader. He pled guilty to third-degree endangering the welfare of a child and was sentenced to a three-year term at the Adult Diagnostic Treatment Center (ADTC).

In 2016, G.B. was scheduled to complete his ADTC sentence when the State petitioned to involuntarily commit him to the STU. Judge James F. Mulvihill conducted a one-day commitment hearing at which a psychiatric expert, Alberto Goldwaser, M.D., and a psychological expert, Christine E. Zavalis, Psy.D., testified for the State, concerning their evaluations of G.B., and their review of his criminal history and other past evaluation assessments. G.B. neither testified nor presented any witnesses.

According to Goldwaser, G.B. was sexually abused between the ages of five and twelve by an uncle, and in addition to the noted sex offense history, he had a juvenile history of non-sexual offenses. Goldwaser stated that G.B. failed to take his STU treatment seriously when he was committed as a juvenile. His diagnosis was that G.B. suffers from a mental abnormality, pedophile disorder, female/male, non-exclusive; antisocial personality disorder; and cannabis use disorder, severe-in controlled environment. The doctor's evaluation determined that G.B. scored a five on the STATIC-99R[1] actuarial instrument, indicating a

---

[1] The STATIC-99R is an actuarial test used to estimate the probability of sexually violent recidivism in adult males previously convicted of sexually violent offenses. See Andrew Harris et al., Static-99 Coding Rules Revised-2003 5 (2003). Our Supreme Court has explained that actuarial information, including the Static-99, is "simply a factor to consider, weigh, or even reject, when engaging in the necessary factfinding under the SVPA." In re Civil

moderate to high risk of recidivism. He thus opined that G.B. was highly likely to reoffend regarding his sexual addiction to adolescents.

For the most part, Zavalis' evaluation and testimony echoed Goldwaser's. Her diagnosis was that G.B. suffers from pedophilic disorder, sexually attracted to females, nonexclusive type; other specified personality disorder, with antisocial traits;[2] and cannabis use disorder. She determined that G.B. scored a six on the STATIC-99R, indicating a high risk of recidivism. She also opined that G.B. was highly likely to commit sexual offenses against adolescents in the future.

Although Judge Mulvihill found the testimony of both experts to be credible, he did not accept Goldwaser's diagnosis that G.B. had an antisocial personality disorder. Instead, he agreed with Zavalis' diagnosis of other specified personality disorder, with antisocial traits. The judge found there was clear and convincing evidence that G.B. was convicted of a sexually violent offense, and based on the diagnoses rendered by Goldwaser and Zavalis, G.B. has a sexually violent behavior that affects him emotionally, cognitively, and

Commitment of R.F., 217 N.J. 152, 164 n.9 (2014) (quoting In re Commitment of R.S., 173 N.J. 134, 137 (2002)).

[2] She did not conclude that G.B. had an antisocial personality disorder.

volitionally, which makes him highly likely to reoffend if not committed to the STU.

In considering this appeal, our "review of a commitment determination is extremely narrow." R.F., 217 N.J. at 174 (quoting In re D.C., 146 N.J. 31, 58 (1996)). "The judges who hear SVPA cases generally are 'specialists' and 'their expertise in the subject' is entitled to 'special deference.'" Ibid. (citation omitted). "The final decision whether a person previously convicted of a sexually violent offense is highly likely to sexually reoffend lies with the courts, not the expertise of psychiatrists and psychologists. Courts must balance society's interest in protection from harmful conduct against the individual's interest in personal liberty and autonomy." Ibid. (citations omitted). "A trial judge is 'not required to accept all or any part of [an] expert opinion[].' The ultimate determination is 'a legal one, not a medical one, even though it is guided by medical expert testimony.'" Ibid. (alterations in original) (quoting D.C., 146 N.J. at 59, 61). Therefore, we should not modify the judge's determination "unless 'the record reveals a clear mistake.'" Id. at 175 (quoting D.C., 146 N.J. at 58). "So long as the trial [judge's] findings are supported by 'sufficient credible evidence present in the record,' those findings should not be disturbed." Ibid. (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

A-2287-16T5

Governed by these standards, we discern no basis to disturb Judge Mulvihill's decision. The credible record – documentary evidence and the testimony of Goldwaser and Zavalis – amply support a finding that G.B. is a sexually violent predator suffering from pedophilic disorder and personality disorder, with antisocial traits, and that he is highly likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment under the SVPA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2287-16T5